# THE STATE ex rel. MARIE DUTCHER v. NAT M. SHELTON, Judge.

## In Banc, April 28, 1913.

1. **VENUE: Jurisdiction: Joint Liability of Defendants Necessary.** Where suit is brought against two defendants, one of whom is a resident of the county where the suit is filed, and the other a resident of another county and is served there, it is necessary, in order for the cirucit court of the county wherein

the suit is brought to have jurisdiction of the non-resident defendant, that the petition should state a joint liability against both defendants.

2. ———: ———: ———: When Liability is Not Joint: Prohibition. Three attorneys were employed by relator to prosecute her suit for damages against a railroad company, and stood in the same relation to her, and the three were to receive one-third of the amount recovered, which was ten thousand dollars, and the railroad appealed. After the cause reached the Supreme Court it was agreed that additional counsel should be employed at a cost of $2000, conditioned upon a judgment of affirmance, which was entered. Thereafter relator and said attorneys disagreed as to who should pay said extra counsel, and they entered into an agreement, by the three attorneys as "parties of the first part" and relator as "party of the second part," by which one-third of the judgment was paid to the attorneys and two-thirds to relator, reserving to the attorneys or "either of said parties of the first part" the right to sue relator for the $2000. Two of the attorneys, who constitute a firm, brought suit against the other and relator, in which they allege that "these defendants authorized plaintiffs to employ other and additional attorneys to represent" relator "in said Supreme Court and authorized and directed and requested that plaintiffs employ and offer to pay them the sum of two thousand dollars;" that "plaintiffs did at the instance and request of said defendants employ other counsel and obligate themselves to pay the sum of two thousand dollars;" that after the termination of the suit and the division of the sum recovered, they paid the other attorneys, and took an assignment of their claim to themselves, and they prayed judgment against said defendants—relator and said other attorney. Held, that there was no joint liability on the part of the defendants; and relator residing outside of the county where the suit was brought and not being served within said county, the court acquired no jurisdiction over her by a summons served on her in the county in which she resided, and on the other defendant who resided in the county in which the suit was brought. The other attorney's relations and interests, as shown by the contract, were identical with those of the plaintiffs, and adverse to those of relator; nor does the petition disclose that the interest of said attorney was adverse to that of plaintiff; nor does the petition, when correctly construed, state a joint cause of action in favor of plaintiffs against relator and said other attorney.

Held, by GRAVES, J., dissenting, with whom BOND, J., concurs, that the petition charges a joint request, and a compliance with the joint request; it, therefore, affords a legal basis for a judgment by default against relator. A joint request to do a thing and a compliance with such request imply a joint

obligation. The joint request is embraced in the allegation that "these defendants authorized plaintiffs to employ additional attorneys." *Held*, also, that, in determining whether the circuit court obtained jurisdiction of relator, the contract has no place in the case, but the petition alone should be considered. Nor does it matter whether or not there was a joint request, so the petition alleges one, as it does.

3. ————: ————: ————: ————: As Client's Agent. Nor does the petition allege or contract state that said attorney was acting as relator's agent in requesting the employment of additional counsel; and even if he were acting as his client's agent, he would not be liable individually unless he had expressly agreed to be so bound.

4. ————: ————: ————: Where Liability and Non-liability Stand Equal. When the petition alleges, or the evidence proves, a state of facts, from which, under the law, liability or non-liability may be equally drawn, then it is the duty of the court to rule that there is no liability. Where the petition simply charged that defendants, one an attorney and the other his and plaintiffs' client, authorized and requested the plaintiffs to employ additional attorneys to assist them in a pending case and that they did so, without stating in what capacity said defendant attorney was acting, whether as agent and attorney of their mutual client or in his individual capacity (from which alone the law would imply a promise by him to pay for said employment), the duty of the court was to rule that said defendant attorney was not liable in any capacity, and, therefore, that he and his client were not jointly liable.

*Held*, by GRAVES, J., dissenting, that it is immaterial in what capacity the attorney was acting, if the request was made jointly by him and his client, as the petition alleges.

5. PLEADINGS: Construction: As Whole: In Light of Circumstances: Prohibition. The rule of construction applicable. to written contracts, which requires the court to read them from their four corners and in the light of the facts and circumstances surrounding the parties, should be applied to pleadings. In this case, which is a writ in prohibition to prohibit a circuit court from taking jurisdiction of relator, on the ground that she is not jointly liable with the other defendant and that the petition does not state any joint liability, the contract out of which said alleged joint liability grew and the relation of the parties are considered in construing certain allegations in the petition.

*Held*, by GRAVES, J., dissenting, that the jurisdiction of the court, where it turns on the joint liability of defendants, should be determined by the allegations of the petition alone, and the contract should not be considered.

Prohibition.

Writ allowed.

*Brownrigg & Mason* for relators.

(1) In order that the circuit court of Adair county might have jurisdiction of the person of Marie Dutcher, a resident of the city of St. Louis, by virtue of service upon her of the writ and petition in the suit wherein she and Harrington, a resident of Adair county, were named as defendants, it is necessary that the petition served upon her should state a joint liability as against her and the resident defendant Harrington. State ex rel. v. Bradley, 193 Mo. 39; Graham v. Ringo, 67 Mo. 324. (2) Furthermore, the joint liability must be stated in good faith and the resident defendant must be in the cause in reality an adverse party to the plaintiffs. State ex rel. v. Bradley, 193 Mo. 42. (3) The petition filed in this case in the circuit court of Adair county and served upon the relator by the sheriff of the city of St. Louis, stated no joint liability, of Marie Dutcher and F. M. Harrington. (4) It is apparent from matters admitted in the respondent's answer that Harrington is not really an adverse party and was not joined as such in good faith, but that he was joined as party defendant merely for the purpose of attempting to confer jurisdiction upon the circuit court of Adair county.

*John T. Barker* and *Campbell & Ellison* for respondent.

(1) The suit is based upon a joint promise of the defendants Harrington and Dutcher to pay certain sums therein named. That the language of the amended petition, that being the one upon which the judgment was rendered, charges a joint promise of the defendants, is not challenged by relator's attorneys. Said counsel make reference to the original petition in said

cause, but do not in any way refer to the allegations of the petition upon which judgment was rendered. Said petition charged a joint liability against the defendants and undoubtedly gave the circuit court of Adair county jurisdiction to try the cause. The filing of an amended pleading is an abandonment of the former pleading, and the sufficiency of the pleading depends upon the amendment, and not upon the original or abandoned pleading.    (2)    Where the petition charges a joint liability against two defendants, one of whom resides in the county in which the suit is brought and one of whom is a non-resident of the county, the dismissal of the cause as to the resident defendant does not affect the jurisdiction of the court.    January v. Rice, 33 Mo. 409.    (3)    The circuit court case was instituted June 4th.    On September 9th, relator filed motion to dismiss.    The cause was regularly docketed on the court docket for trial for October 30th.    On the day said cause was docketed for hearing, the relator's motion, which was an attack on the jurisdiction of the court, was taken up, heard and overruled.    That motion questioned the jurisdiction of the court because of the alleged existence of the matters therein stated. Said circuit court had the undoubted right to hear and determine that motion; said court had the undoubted right to determine for itself whether the extraneous matters alleged against its jurisdiction were true or not.    It did determine that question, as it had the right to do, and as it had been asked by relator to do and determined it adversely to relator.    Even though said circuit court erroneously decided that motion prohibition would not lie because of such erroneous decision; especially is that true after the cause preceded the final settlement.    23 Am. & Eng. Ency. Law (2 Ed.), p. 210; State v. Company, 100 Mo. 61.    Even though the court erred in passing upon said plea to its jurisdiction, such error would not justify the issuance of a writ of prohibition.    State v. Moehlenkamp, 133 Mo.

138; Coleman v. Dalton, 71 Mo. App. 24; State v. Burck-
hartt, 87 Mo. 533; State v. Scarrett, 128 Mo. 339. (4)
At the time the preliminary writ was issued said cir-
cuit court had finally acted in said cause, had rendered
final judgment therein, and no further or other judi-
cial act remained for it to perform in said cause.
This issuance of an execution is a mere ministerial
act performed by the clerk, against which prohibition
will not lie. Sec. 2172, R. S. 1909; High's Ex. Legal
Rem., sec. 769; State v. Clark County, 41 Mo. 50; State
v. Goodier, 195 Mo. 561; State ex rel. v. Broaddus, 234
Mo. 367. (5) The motion filed by relator on Novem-
ber 2, asking the circuit court to set aside the judg-
ment theretofore rendered, was pending at the time
prohibition was applied for. It ought not to be in the
power of a litigant to file a motion in a cause in an
inferior court asking such inferior court to pass on a
motion and then seek the aid of this court by writ of
prohibition to prevent said inferior court from passing
upon said motion. (6) Something is said in relator's
brief about pleadings being defective. We are not cer-
tain that we clearly understand their position in this
regard, but prohibition is not the proper remedy even
if the petition is insufficient. State v. McElhinney, 199
Mo. 81; State ex rel. v. Scarrett, 128 Mo. 339. In the
case at bar the charge is that the defendants jointly
promised to pay, and a judgment is sought and asked
against both of said defendants. The motion to dis-
miss, which is a plea to the court's jurisdiction, chal-
lenged the truth of that averment, but the court had
the undoubted right to determine for itself the facts in
that regard; and the relator and her attorneys had no
right to delay appearing in court, as other litigants
are required to appear, and await until final judgment
was rendered against her and then when court was
ready to adjourn for the term, appear and ask that
judgment be set aside, and pending that motion ask
for prohibition.

WOODSON, J.—This is a proceeding in prohibition, instituted in this court by the relator, against the Honorable Nat M. Shelton, judge of the circuit court of Adair county, to prevent him from further proceeding with the trial and determination of the case of Campbell & Ellison, a co-partnership, engaged in the practice of law, at Kirksville, Adair county, Missouri, plaintiffs, against one F. M. Harrington, an attorney, at the same place, and the relator herein, Marie Dutcher, the defendants therein.

As the facts are practically undisputed and are stated in the petition for the writ, and the return thereto, therefore, the briefest and clearest manner to state the case will be to copy the material parts of the pleadings, which will not only state the issues, but the facts of the case as well.

The petition filed herein, upon which our order against Judge Shelton to show cause was issued, was as follows: (The formal parts of all pleadings will be omitted without further mention.)

"Now this day comes Marie Dutcher before the Supreme Court of the State of Missouri and shows to the court that Nat M. Shelton is judge of the circuit court of Adair county, Missouri. That relator, Marie Dutcher, is a resident of the city of St. Louis, State of Missouri. That M. D. Campbell and S. H. Ellison are residents of the county of Adair, State of Missouri, and are engaged in the practice of law in said county under the firm name of Campbell & Ellison. That F. M. Harrington is also a resident of the county of Adair, State of Missouri, and is engaged in the practice of law in said county and State.

"That on the ...... day of .......... 1907, said relator, Marie Dutcher, obtained a judgment in her favor against the Wabash Railroad in the circuit court of Adair county, Missouri, in the sum of ten thousand dollars. That said railroad company prosecuted an appeal in said cause to the Supreme Court of Missouri,

and the said judgment of the circuit court of Adair county was by the Spreme Court of Missouri on the ...... day of ....... affirmed.

"Said relator further shows to the court that the said firm of Campbell & Ellison and F. M. Harrington were her attorneys for the prosecution of said claim against the Wabash Railroad Company and represented her in the prosecution of said claim both in the circuit court of Adair county and before this court. That after said judgment in favor of the said relator was affirmed by this court as aforesaid there arose a dispute between the said relator and the said firm of Campbell & Ellison and F. M. Harrington, her aforesaid attorneys, as to what compensation said attorneys were entitled to by reason of their said employment as attorneys for the said relator. It was claimed by the said relator that said attorneys were together entitled to one-third of said judgment and accrued interest on the same, which said judgment and interest at the time it was paid amounted to a large sum of money, to-wit, the sum of thirteen thousand dollars, and that said attorneys were obligated to receive said one-third in full payment of all fees to themselves and expenses incurred by them. That it was then and there claimed by said attorneys that the said relator was not only obligated to pay them for their said employment one-third of the said judgment, but it was further claimed by said attorneys that they had employed additional counsel to aid them in the prosecuting of said cause before the Supreme Court and that the services of such additional counsel were worth the sum of two thousand dollars, and that they, the said Campbell & Ellison, and F. M. Harrington had obligated themselves to pay the sum of two thousand dollars to said additional counsel, and that said relator was by reason of the premises and of her alleged agreement with said Campbell & Ellison and the said Harrington obligated to pay to her said attorneys not only the sum

of one-third of the said judgment, but also two thousand dollars for fees for additional counsel as aforesaid; and thereupon, in partial settlement of said dispute, it was agreed between the said Campbell & Ellison and the said F. M. Harrington as parties of the first part, and said relator as party of the second part, that the amount of said judgment and the accrued interest on the same might be distributed as follows: That two-thirds might be paid to said relator and that one-third of the same should be paid to the said F. M. Harrington and Campbell & Ellison, and it was further agreed that the distribution of said money as aforesaid should not be taken as any accord and satisfaction between the parties, but that the said F. M. Harrington and Campbell & Ellison reserved the right to sue the said relator and attempt to recover from her the said two thousand dollars which it was claimed they were obligated to pay as aforesaid as fees for additional counsel, and said agreement and reservation to F. M. Harrington and Campbell & Ellison of said right to sue was in writing and is hereunto annexed and shown to the court as 'Exhibit A.' Said relator further says that upon the signing of said agreement two-thirds of the amount of said judgment was paid to said relator and one-third thereof to said Campbell & Ellison and F. M. Harrington.

"Said relator further says that thereafter, to-wit, on the ...... day of June, 1912, the said Campbell & Ellison instituted suit in the circuit court of Adair county, Missouri, against the relator, Marie Dutcher, and the said F. M. Harrington as joint defendants. The petition filed in said suit is as follows, to-wit:

" 'Plaintiffs state they are, and at all the times herein mentioned, were, a copartnership firm composed of M. D. Campbell and S. H. Ellison.

" 'Plaintiffs state that on the ...... day of .... 1907, the defendant Marie Dutcher obtained a judgment in her favor and against the Wabash Railroad

Company in the circuit court of Adair county, Missouri, for the sum of ten thousand dollars and cost of suit; that said railroad company prosecuted an appeal in said cause to the Supreme Court of Missouri; that on the ...... day of ......, 1910, said cause was by Division No. 1 of said Supreme Court of Missouri, reversed and judgment entered for the defendant; that thereafter said cause was transferred to the Supreme Court of Missouri In Banc, where upon a hearing the said judgment of said circuit court was on the ...... day of ...... 1912, in all things affirmed.

" 'Plaintiffs further state that after the decision adverse to her in said Division No. 1 of said Supreme Court these defendants authorized plaintiffs to employ other and additional attorneys to represent said Marie Dutcher in said Supreme Court and authorized and directed and requested that plaintiffs employ and offer to pay them the sum of two thousand dollars conditioned upon said judgment of said circuit court being affirmed and said judgment being collected; that plaintiffs did at the instance and request of said defendants as aforesaid, and after said adverse decision in said Division No. 1, employ other counsel and obligate themselves to pay the sum of two thousand dollars conditioned as aforesaid; that plaintiffs and said additional counsel in said cause incurred an expense in attending the hearing in said Supreme Court and in printing briefs for said court in the sum of about four hundred dollars, no part of which has ever been paid by said Marie Dutcher; that said additional counsel so employed as aforesaid rendered valuable assistance on behalf of said Marie Dutcher in said cause in said Supreme Court, and said services were of the reasonable value of two thousand dollars; that the same are now due and unpaid.

" 'And the said additional counsel has assigned said claims for said services to plaintiffs.

" 'Wherefore, plaintiffs pray judgment against these defendants for the sum of twenty-four hundred dollars, with interest at the rate of six per cent from this date, and for costs of suit.'

"Relator further states that thereafter, on, to-wit, the 4th day of June, 1912, a summons was issued out of the circuit court of Adair county directed to the sheriff of the city of St. Louis, State of Missouri, commanding him to summon relator, if she be found in said city, to appear before the circuit court of Adair county, Missouri, on the first day of the next term thereof to be held on the fourth Monday in October, 1912; and that said summons and a copy of said petition was served by the sheriff of the city of St. Louis, Missouri, upon the said relator by delivering a copy of said petition and writ to the said relator within the city of St. Louis, State of Missouri, and said petition and summons as served as aforesaid upon the said relator is hereunto annexed as Exhibit 'B.' And that thereafter, on the ...... day of ......, 19.. the sheriff of the city of St. Louis, State of Missouri, made his return to the circuit court of Adair county, Missouri, stating that he had served the said petition and writ upon said relator in the city of St. Louis, Missouri, on the 6th day of June, 1912, as aforesaid.

"Said relator further says that thereafter, and prior to the October term, 1912, of the circuit court of Adair county, on to-wit, the ...... day of September, 1912, said relator, through her counsel, R. S. Mathews, an attorney practicing law in the circuit court of Adair county, State of Missouri, and through her attorneys, Brownrigg & Mason, who are engaged in the practice of law in the city of St. Louis, State of Missouri, filed her motion in the circuit court of Adair county to quash said return in said cause and to dismiss said suit on the ground that said circuit court was without jurisdiction over said relator, and said relator in said motion expressly limited her appearance to the pur-

pose of such motion, which was to object to the jurisdiction of the court, and the grounds stated in said petition were that the petition as served upon said relator did not state a joint cause of action as against said relator and the said defendant, Harrington, and that the said defendant Harrington was not in said litigation an adverse party to the plaintiffs, Campbell & Ellison; and on the ground that the said F. M. Harrington was joined as a party solely for the purpose of attempting to confer upon said circuit court jurisdiction of said relator. A copy of said motion is herewith filed as 'Exhibit C.'

"That thereafter, and prior to the 30th day of October, 1912, the said R. S. Mathews, one of plaintiff's attorneys, personally inquired of the said Nat. M. Shelton upon what date he would hear said motion and was informed by the said Nat. M. Shelton that the same would be heard any day of the said October term of the circuit court of Adair county, State of Missouri, that might be convenient for counsel after the first day of the said October term. That thereafter said R. S. Mathews, after communicating with plaintiff's other counsel in the city of St. Louis, wrote said Nat. M. Shelton, who was then at Kirksville, the county seat of Adair county, holding said court, asking him to set said motion for hearing on the morning of Saturday, the 2nd day of November, the same being one of the days of the October term of said court, and said letter was received by said Nat. M. Shelton on the morning of Wednesday, the 30th day of October, 1912, and after receiving the said letter the said Shelton exhibited the same to said Campbell & Ellison; and that thereafter, without notice of any kind to the relator, or her attorneys, and without giving relator any opportunity to be heard through her attorneys, the said Shelton entered a judgment against said relator in said cause in the sum of two thousand four hundred dollars, and the said judgment was entered on Wednesday

morning, October 30th, 1912, after the said Shelton had received the aforesaid letter from R. S. Mathews, plaintiff's attorney. A certified copy of the minute entry of said judgment in the circuit court of Adair county, attested by the clerk of said court, is herewith filed as 'Exhibit D.'

"Relator further states that execution has not yet issued upon said judgment and no part of the same has been paid or satisfied by the said relator.

"Relator further shows to the court that she has never entered any appearance in the circuit court of Adair county, State of Missouri, save for the purpose of filing the aforesaid motion attacking the jurisdiction of said court, and no process out of said court has ever been served on her except in the city of St. Louis, Missouri, as aforesaid.

"Relator further shows to the court that said judgment is improper and unauthorized, and the said court was without jurisdiction to render any judgment against said relator because said relator and the said F. M. Harrington were joined as joint defendants in said suit and said F. M. Harrington was a resident of the county of Adair and the said relator was a resident of the city of St. Louis as aforesaid, and because the aforesaid petition stated no joint liability as against the said Harrington and said relator nor any facts authorizing said court to assume jurisdiction over said relator. Said relator further shows to the court that on the third day of October the said suit was dismissed as to the other defendant, F. M. Harrington, and judgment entered against her as aforesaid; and that by reason of the facts aforesaid said petition states no cause of action as against the defendant Harrington and no joint liability of said Harrington and this defendant, and by reason of the fact that said suit was voluntarily dismissed as to said Harrington before judgment, it is apparent from the record in said cause that said Harrington, the resident defend-

ant, was joined as a party defendant in said cause for the sole purpose of attempting to confer jurisdiction of said relator upon said court.

"Wherefore, the premises considered, plaintiff prays this Honorable Court to grant her a writ of prohibition directed against said Nat. M. Shelton as judge of the circuit court of Adair county to prohibit him, as said judge, from entertaining any further jurisdiction of said cause and from making any further orders therein and prohibiting said judge and the circuit court of Adair county, Missouri, from issuing any execution to enforce said judgment against this defendant, or from undertaking in any other way to give effect to said judgment, and from taking any further cognizance of said suit as against this relator, and that he be ordered to recall and quash any execution which may have issued out of said court for the purpose of enforcing said judgment."

This petition was duly verified by affidavit.

Annexed to the petition is "Exhibit A," copy of agreement between Campbell & Ellison and F. M. Harrington and Marie Dutcher, which will be found copied later in the opinion.

"Exhibit B" is the original petition of Campbell & Ellison and the summons issued thereon, The original petition is set forth in the relator's petition. The summons together with the return of the sheriff of the city of St. Louis as to service are set forth in respondent's return.

"Exhibit C" is relator's motion to quash the sheriff's return and dismiss the suit against her filed in the circuit court of Adair county, September 9, 1912. The motion is set forth in full in respondent's return.

"Exhibit D" referred to in the relator's petition, is the minute entry of the judgment rendered against her in the circuit court of Adair county, which after a dismissal of the suit as to Harrington, was for

249 Mo.—43

plaintiff, for the sum of $2400, against the defendant Marie Dutcher.

"The relator's petition and the foregoing exhibits having been filed in this court on the 4th day of November, 1912, this court issued its preliminary writ of prohibition against Judge Shelton, together with its order upon him to show cause why the writ should not be made final. The respondent's return is as follows:

"Now comes the respondent in the above entitled cause, and for his return to the preliminary order issued therein says that he is now, and was at all of the times mentioned in the relator's petition herein, judge of the circuit court of Adair county, Missouri.

"Respondent further states that relator, Marie Dutcher, is a resident of the city of St. Louis, Missouri, that M. D. Campbell and S. H. Ellison are residents of the county of Adair in the State of Missouri, and are engaged in the practice of law in said county, under the firm name of Campbell & Ellison; that F. M. Harrington is a resident of Adair county, Missouri; that on the ...... day of ......, 1907, said Marie Dutcher obtained a judgment in her favor against the Wabash Railroad Company in the circuit court of Adair county, Missouri, in the sum of ten thousand dollars; that said railroad company prosecuted an appeal in said cause to the Supreme Court of Missouri, and the said judgment of said circuit court was by said Supreme Court on the ...... day of ...... in all things affirmed.

"That said Campbell & Ellison and said F. M. Harrington appeared for said Marie Dutcher as her attorneys in said cause.

"That on the 4th day of June, 1912, the said Campbell & Ellison, as plaintiffs, instituted an action by petition against said Marie Dutcher and F. M. Harrington; that the petition filed in said suit is correctly set forth in relator's petition herein; that after the

institution of said suit process therein was issued and duly served upon the defendant Marie Dutcher in the city of St. Louis.''

Then follows a copy of the summons and the return of the sheriff.

Harrington was also duly served, as shown by the return of the sheriff of Adair county.

"That on the 9th day of September, 1912, the said Marie Dutcher filed in said cause in said circuit court of said Adair county, her motion therein, which said motion is as follows:

" 'Comes now Marie Dutcher, one of the defendants herein, and, appearing for the purposes of this motion only, to object to the jurisdiction of this court over her, moves the court to quash the return to the writ of summons issued for service upon her, the said Marie Dutcher, and to dismiss the suit herein as to this defendant, and for grounds of said motion this defendant shows to the court:

" '1.   That the defendant, F. M. Harrington, is a resident of Adair county, State of Missouri, and that this defendant is a resident of the city of St. Louis, State of Missouri, and this defendant was served with the petition and a writ of summons issued herein only in the city of St. Louis, State of Missouri, and the petition in this cause served upon this defendant as aforesaid does not state a joint cause of action against this defendant and the said defendant Harrington.

" '2.   If the plaintiffs in said cause have any claim against this defendant by virtue of the matters and things set forth in said petition, said F. M. Harrington is interested in said claim with the plaintiffs and not adverse to them, for this, to-wit, that the claim set forth in said petition grew out of the employment by this defendant of the said Harrington and the said Campbell & Ellison as her attorneys for the joint prosecution by them of her claim against the Wabash Railroad, which claim was jointly by the said Harrington and

the said Campbell & Ellison prosecuted to judgment in her favor as alleged in said petition, and the said defendant has heretofore paid jointly to the said Harrington and the said Campbell & Ellison one-third of the entire sum recovered by her against the said Wabash Railroad, and the said Harrington and the said Campbell & Ellison, at the time of the receipt by them of said one-third and prior to that time, jointly asserted against this defendant a claim for $2000 in favor of said Campbell & Ellison and the said Harrington against this defendant by reason of the very matter and things alleged in the petition filed herein, and at the time of said payment by this defendant to said Campbell & Ellison and to said Harrington, said plain‑ tiff and the said defendant Harrington jointly, in writing, reserved for the benefit of all of them the right to assert against this defendant the very claim asserted by the said Campbell & Ellison in this suit. And the said Harrington is not joined as party defendant in this cause in good faith, but was joined solely for the purpose of conferring, or attempting to confer, jurisdiction of this defendant, Marie Dutcher, upon this court,

" '3. The interest of the defendant F. M. Harrington in the subject-matter of this suit is not adverse to that of the plaintiffs herein, and the said defendant Harrington was joined as party defendant herein sole‑ ly for the purpose of attempting to confer upon this court jurisdiction of this defendant, Marie Dutcher.

" 'Wherefore, this defendant moves the court that it quash the return to the writ of summons served upon her in this cause and dismiss said cause as to this defendant, and that the court shall not make any orders or judgments in this cause affecting said defendant in any manner whatsoever.' "

The answer of Harrington was as follows:

"Now comes the defendant F. M. Harrington, one of the defendants in this cause, and for his separate

answer herein, denies each and every allegation therein contained."

"Respondent further states that said cause of Campbell & Ellison v. said Marie Dutcher and F. M. Harrington was on or about the 14th day of October, 1912, set for trial in said court upon the regular docket of said court, and the day for trial of said cause was the 30th day of October, 1912.

"Respondent further states that a few days before the convening of said October term of court, one of relator's attorneys, to-wit, R. S. Mathews, spoke to him as to when said motion so filed by said Marie Dutcher on September 9, 1912, could be heard, and respondent replied to said Mathews that so far as he, the said respondent, was concerned, he would hear the same at any time that might be convenient to the parties, but that he would not promise to pass the case or the motion beyond the day when the same was set upon the docket for trial without the consent of both parties to said suit. That said conversation with said R. S. Mathews is the only conversation he ever had with any of relator's attorneys concerning the subject as to when said motion could or would be heard.

"Afterwards, on the morning of October 30, 1912, and while said circuit court of Adair county, Missouri, was holding its said October term, the respondent received a letter written by the said R. S. Mathews, as follows (formal parts omitted):

" 'October 28, 1912.

" 'I am just in receipt of a letter from Brownrigg & Mason of St. Louis, in which they inform me that it would suit them better to go to Kirksville Friday and take up the matter of Miss Dutcher Saturday morning.

" 'I have just written them I think it would be all right with you and Mr. Campbell.'

"That upon receipt of said letter, and while said circuit court was in session, he exhibited said letter

to said Campbell & Ellison, and they then and there in open court stated that they had had no communication whatever with said Marie Dutcher or her counsel relative to the time when said motion or said cause should be taken up and considered, and that they declined to consent for said cause or said motion to be passed, but would and did insist that said cause and said motion be disposed of when reached upon said docket in its regular order.

"That on said 30th day of October, 1912, and while said circuit court of said Adair county was in session, the said Campbell & Ellison applied for leave to file in said cause an amended petition, and said court then and there entered upon its record an order reciting that said Campbell & Ellison, by leave of court, filed an amended petition in said cause of Campbell & Ellison, plaintiffs, v. said Marie Dutcher and F. M. Harrington, defendants. That said amended petition so filed in said cause is as follows:"

(Then follows a copy of said amended petition, which is omitted because not material to the questions involved in this case.)

Then follows a statement of the conclusions of the respondent, to the effect that he had jurisdiction of the subject-matter of the case, and the parties thereto; that the cause was regularly called for trial, the evidence heard, and judgment was rendered in favor of plaintiffs and against Marie Dutcher, the relator, for the sum of $2400.

That thereafter said Marie Dutcher did not appear in said cause until Saturday, November 2, 1912, when at that time she appeared in open court by her attorneys and filed in said cause, a motion, as follows:

" 'Comes now Marie Dutcher, and expressly limiting her appearance to the purposes of this motion, which motion is for the sole purpose of objection to the exercise by this court of any jurisdiction over said Marie Dutcher, and saving to herself the right to ques-

tion all defects in the proceedings in this cause, the said
Marie Dutcher moves the court to set aside the judg-
ment heretofore entered against her in this cause and
to dismiss the same as to her, upon the following
grounds:

" '1.   The judgment is improper, irregular, er-
roneous and unauthorized as against her, because sum-
mons was issued in said cause commanding the sher-
iff of the city of St. Louis, to summon the said Marie
Dutcher, if she be found in said city to appear before
this court at this term thereof, being the October term,
1912, of this court and to answer the petition filed here-
in. And the said summons was returned by the sheriff
of the city of St. Louis, and in said return the sheriff
of the city of St. Louis states that he "executed the
said writ in the city of St. Louis, Missouri, this 6th
day of June, 1912, by delivering a copy of the writ
and petition as furnished by the clerk to Marie Dutch-
er, defendant herein."

" 'And this defendant further shows to the court
that said summons was served upon her only in the city
of St. Louis where she resides and that she has never
appeared in this court save for the purpose of object-
ing to its jurisdiction over her in this cause; and that
the petition in said cause does not state any facts· jus-
tifying any judgment against her, there being service
on her only in another county as aforesaid; and said
petition does not state facts sufficient to authorize this
court to assume or exercise jurisdiction over her.

" 2.   Said petition does not set forth facts suf-
ficient to constitute a joint liability as against said
Marie Dutcher and F. M. Harrington, the resident de-
fendant in this cause, which last named defendant is
shown by the record to have been served with sum-
mons in this county; and suit herein was before the
entry of judgment dismissed as to said Harrington
by the plaintiffs of their own motion; and by reason of
the fact as aforesaid that the petition states no cause

of action as against the defendant Harrington and no joint liability of said Harrington and this defendant and by reason of fact that the suit was voluntarily dismissed as to said Harrington before judgment, it is apparent from the record in this cause that said Harrington, the resident defendant herein, was joined as party defendant for the sole purpose of attempting to confer jurisdiction of this defendant, Marie Dutcher on this court.'

"That said motion so filed is still pending and undetermined.

"That said Marie Dutcher did not appear in said cause either in person or by attorneys except by the filing of said motion on September 9, 1912, and by the filing of said motion on November 2, 1912; that execution has not been issued on said judgment.

"Respondent further states that 'Exhibit A' attached to relator's petition herein is a true and correct copy of an agreement entered into between said Campbell & Ellison, F. M. Harrington and Marie Dutcher. That said agreement was executed on May 29, 1912.

"That 'Exhibit D' filed with relator's petition is a correct copy of the minute entry of the judgment rendered in said cause.

"Respondent denies all other allegations in relator's petition.

"Respondent further states that said court had, by reason of the foregoing, jurisdiction of the parties and the subject-matter of the said suit, and he therefore prays that the writ herein be denied."

Upon the filing of the return the relator filed the following motion for judgment on the pleadings:

"Comes now Marie Dutcher, relator in the above entitled cause, and moves that the court render final judgment in prohibition against the respondent herein, and for grounds of said motion shows to the court that it is apparent from the facts stated in the rela-

tor's petition and admitted in the respondent's return to be true, and from the facts stated in the respondent's return, that the circuit court of Adair county had no jurisdiction of the relator in the cause of Campbell and Ellison, Plaintiffs, v. Marie Dutcher and F. M. Harrington, Defendants, the petition in which last named case is set forth in relator's petition for prohibition heretofore filed herein, and that the said circuit court of Adair county had and has no jurisdiction to render any judgment against the relator or to make any order in said suit instituted by Campbell and Ellison against this relator and the said F. M. Harrington.''

I. It appears from the foregoing statement of the case, that the firm of Campbell & Ellison and F. M. Harrington were duly licensed and practicing attorneys at law, at Kirksville, Adair county, Missouri; that the Honorable Nat. M. Shelton was the duly elected and qualified judge of the circuit court of that county; that sometime prior to the institution of this proceeding, the relator, Marie Dutcher, had received personal injuries through the alleged negligence of the Wabash Railway Company, and had employed said attorneys to institute and prosecute a suit in her name against said company, to recover the damages she had sustained, in consequence of said injuries; and agreed to pay them for their legal services to be rendered therein, one-third of the amount they might recover for her in said action.

Suit was instituted in her name against the company by them, as her attorneys, in the circuit court of Adair county, and a trial was had which resulted in a judgment in her favor for $10,000. An appeal was taken therefrom to this court, which was by Division Number One thereof reversed, but upon motion for a rehearing the cause was transferred to Court in Banc. There-

**Venue:**
**Non-resident**
**Defendant.**

upon the relator, Marie Dutcher and F. M. Harrington, one of her attorneys, it is. alleged, authorized her other attorneys, Campbell and Ellison, to employ additional counsel, which they did.

Said additional counsel printed new briefs and argued the case in Court in Banc; and after due consideration said court disapproved the divisional opinion and affirmed the judgment of the circuit court, which with interest amounted to about $13,000. [241 Mo. 137.] At this juncture a dispute arose between the relator and her original attorneys, Campbell & Ellison, and F. M. Harrington, as to what sum should be paid to said additional counsel, and not being able to agree upon the amount thereof, but all parties being desirous of settling the case with the railway company, entered into the contract previously mentioned and attached to the petition and marked "Exhibit A."

In pursuance to that contract the railway company paid the judgment, one-third thereof to Campbell & Ellison, and F. M. Harrington, and the remaining two-thirds to the relator, Marie Dutcher. Thereupon said attorneys paid to said additional counsel, $2000, for their services rendered in said cause, and $400, the cost of printing their brief, and they, Campbell & Ellison, took an assignment of their claim for said services and expense incurred against relator.

The record does not disclose whether this assignment was in writing or not, nor does it show the terms thereof, but simply states in general terms, that said claim was assigned to them.

Thereupon Campbell & Ellison, as assignees of said claim, brought suit thereon, in the circuit court of Adair county, as plaintiffs against the relator, Marie Dutcher, and F. M. Harrington, defendants; and that is the suit relator, by this proceeding, seeks to prohibit Judge Shelton, the respondent, from proceeding with.

Counsel for relator insists that "in order that the circuit court of Adair county might have jurisdiction of the person of Marie Dutcher, a resident of the city of St. Louis, by virtue of service upon her of the writ and petition in the suit wherein she and Harrington, a resident of Adair county, were named as defendants, it is necessary that the petition served upon her should state a joint liability as against her and the resident defendant Harrington."

There is no question but what that insistence is well founded.

That was not only true at common law, but it is also true under our code of civil procedure.

Section 1732, Revised Statutes 1909, provides that "any person may be a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a' necessary party to a complete determination or settlement of the question involved therein."

Section 1733, provides that "parties who are united in interest must be joined as plaintiffs or defendants."

Section 1734 provides that "every person who shall have a cause of action against several persons, . . . may bring suit thereon jointly against all or as many of the persons liable as he may think proper."

Section 1751 provides that "suits instituted by summons shall, except as otherwise provided by law, be brought: First, where the defendant is a resident of the State, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found; second, when there are several defendants, and they reside in different counties, the suit may be brought in any such county."

Section 1756 provides that "suits may be instituted in courts of record, . . . either, first by filing . . . a petition setting forth the plaintiff's

cause or causes of action, and the remedy sought, . . . and suing out thereon a writ of summons against the . . . defendant."

And sections 1759 and 1760 provide by whom, when and where the summons shall be served.

Without discussing these statutes in detail, it will be seen by reading them, that a suit must be based upon a cause of action; that said cause of action must be stated in the petition; that said cause of action must exist against one or more persons, who are liable thereon, and that the suit can only be legally brought against the person or persons so liable. Consequently, it must follow therefrom, that if a party is sued alone, or jointly with another, against whom no cause of action exists, then that party was illegally sued, and, if illegally sued, then of course the service had upon him was illegal also, and should be so held when that fact is shown to the court, even though the petition should state a good cause of action against him, and *a fortiori* where the petition upon its face fails to state such a cause against him.

This court has so held repeatedly. [State ex rel. v. Bradley, 193 Mo. 33; Graham v. Ringo, 67 Mo. 324.]

The only difference that exists between the case where the petition states a cause of action which has no existence in point of fact, and the one where it appears upon the face of the petition that no cause exists, is one of practice. In the former, evidence *aliunde* must be resorted to to show that no such cause exists, while in the latter, it appears upon the face of the record and may be raised by a demurrer or other appropriate proceeding.

However that may be, we do not understand counsel for respondent to controvert this insistence of relator, but seek to escape the effects thereof by a counter insistence to the effect that the petition in the case of Campbell & Ellison v. Dutcher and Harrington

states a joint cause of action against both of the defendants, and that the circuit court of Adair county, having jurisdiction of the cause, heard the evidence and found the fact to be, that they were jointly liable to plaintiffs, which cannot be questioned in this proceeding.

Counsel for relator, upon the other hand, concedes that if the petition does state a joint cause of action against her and Harrington, then they have no standing in this court, and must go elsewhere for
Joint
Liability. redress of her alleged wrongs; but counsel strenuously insist that the petition states no cause of action against Harrington, either jointly with relator, or severally against himself, and for that reason they say the suit was dismissed as to Harrington.

In reply to this last insistence, counsel for respondent refer to the following language contained in the original petition filed by them against relator, Marie Dutcher, and Harrington, which, it is contended, states a cause of action jointly against them, viz.:

"Plaintiffs further state that after the decision adverse to her in said Division No. 1, of said Supreme Court, these defendants authorized plaintiffs to employ other and additional attorneys to represent said Marie Dutcher in said Supreme Court and authorized and directed and requested that plaintiffs employ and offer to pay them the sum of two thousand dollars conditioned upon said judgment of said circuit court being affirmed and said judgment being collected; that plaintiffs did at the instance and request of said defendants as aforesaid, and after said adverse decision in said Division No. 1, employ other counsel and obligated themselves to pay the sum of two thousand dollars conditioned as aforesaid," etc..

Counsel for relator challenge the sufficiency of that allegation to state a joint cause of action against her and Harrington for two reasons: First, because they say that said statement must be read in the light

of the entire petition and especially in connection with the contract dated May 27, 1912, made and entered into by and between ·Campbell & Ellison and F. M. Harrington, parties of the first part, and Marie Dutcher, party of the second part, referred to and made a part of her petition for the writ, attached thereto and marked "Exhibit A;" and, second, because said allegations, when read in connection with the entire petition, said exhibit and the facts and circumstances surrounding the case, at most, only charge that Harrington, in connection with Campbell & Ellison, made the request to employ additional counsel in said case, as her attorney or agent, and not as principal himself, and that there is no language in the petition which warrants any such construction, as to him individually.

We will consider these two propositions in the order stated; and because of their close relationship, what is said of the one will apply largely to the other also.

Attending the first: In the consideration of this question, it should be borne in mind that Campbell & Ellison and F. M. Harrington were all attorneys at law, and were employed by relator to represent her in her case against the Wabash Railway Company, and that all of them stood upon an even footing with each other in their legal relations to her and her case, nothing to indicate Harrington was representing her in any additional or different capacity than that in which they, Campbell & Ellison, were representing her, namely, that of attorneys. This is conclusively shown by the allegations of the plaintiffs, their signatures to the petition filed by them for her in the case against the Wabash Railway Company, and by said contract made and entered into by and between them and Harrington, the "first parties," and relator the "second party," dated May 27, 1912, which reads as follows:

"EXHIBIT A.

May 27, 1912.

"F. M. Harrington and Campbell & Ellison, first parties, and Marie Dutcher, second party, agree as follows:

"That the judgment rendered in favor of Marie Dutcher against the Wabash Railroad by the circuit court of Adair county, Missouri, at its May term, 1907, for the sum of ten thousand dollars and also the interest accrued on the same, shall be distributed as follows:

"One-third thereof to the first parties and two-thirds thereof to the second party.

"It is further expressly agreed and understood that the making of this agreement and the distribution of said money as aforesaid shall not be taken as an accord and satisfaction between said parties, nor in any manner whatsoever affect the right of the first parties, if any they have, to sue for a recovery of additional compensation or additional amount based on a claim or demand growing out of the employment of other attorneys to assist said first parties in the prosecution of said suit of the second party against the Wabash Railroad while said suit was pending in the Supreme Court of Missouri, nor shall the said distribution of said money in any way affect the right of said Marie Dutcher to deny and dispute said claim for additional compensation, and if suit shall be brought by either of said first parties against said second party to recover an additional sum on account of the employment of other attorneys, as aforesaid, the making of this agreement shall not be taken to prejudice either the right of the said first parties to maintain said suit or the right of said Marie Dutcher to defend the same, or to claim that said first parties

are not entitled to any additional sum on account of the matters aforesaid.

"F. M. HARRINGTON,
"CAMPBELL & ELLISON,
"MARIE DUTCHER."

Not only does this contract show that all three of said attorneys stood in the same relation to Marie Dutcher, the relator, but it also shows that F. M. Harrington was not an adverse party, as now contended, to the cause of action stated therein against him and the relator, for it provides that said "distribution of said money as aforesaid, shall not be taken as an accord and satisfaction between said parties" (what parties? "F. M. Harrington and Campbell & Elli-son, first parties, and Marie Dutcher, second party") "nor in any manner whatsoever affect the right of the *first parties*" (which included Harrington) "if any they have, to sue for a recovery of additional compensation or additional amount based on said claim or demand growing out of said employment of other attorneys to *assist said first parties* in the prosecution of said suit."

This contract shows clearly that the pleader understood and charged in the petition, that "F. M. Harrington and Campbell & Ellison, first parties," had agreed with "Marie Dutcher, second party," that they, all three of them, were authorized to employ additional counsel, and that she would pay for their services and not that Marie Dutcher, the "second party" and F. M. Harrington, the *first party* of the "first parties" had agreed with Campbell & Ellison, the two *latter parties* of the "first parties" that they, Campbell & Ellison might, or had been authorized, to employ additional counsel, and that they, Harrington and Dutcher, would pay for said additional services.

This same idea is emphasized later in said contract, for it was evidently anticipated that all of said "first parties" might not want to join in a suit against

Marie Dutcher, to collect said additional fees, and while inartificially drawn, yet, it was expressly agreed therein that "if suit shall be brought by *either* of said first parties, . . . the making of this agreement shall not be taken to prejudice either the right of said 'first parties' to maintain said suit, or the right of said Marie Dutcher to defend the same or to claim that said first parties are not entitled to any additional sum on ·account of the matters aforesaid."

This entire contract shows that Harrington's relations and interest under the original contract of employment, as an attorney, were identical with those of Campbell & Ellison, and it also shows that all three of them stood in precisely the same contractual relation to the relator, regarding the employment of said additional counsel; and so recognizing that fact, they provided therein, that any one of them might bring suit for the fees to be earned by said additional counsel, without joining all of them as plaintiffs, which probably, without that provision, could not have been done under the rulings of this court in that class of cases to which Ryan v. Riddle, 78 Mo. 521, belongs, which holds that all obligees in a contract (like the one here involved) are necessary parties plaintiff in an action thereon for its breach; and that the suit could not be maintained thereon by only a part of the obligees, even though the remainder of them should be joined as defendants, because of said refusal to join as plaintiffs.

In the light of this contract, and because the petition, as previously stated, is perfectly silent as to the manner or capacity in which Harrington requested Campbell & Ellison to employ additional counsel for relator, it must be presumed that the pleaders (Campbell & Ellison) understood and were trying to plead the legal effect of the recitals of said contract which clearly embraced the substance of the original agreement between the parties to employ additional coun-

249 Mo.—44

sel, or *vice versa* to plead the original contract, the substance of which is recited in said contract, which states and shows that all three of her said attorneys were authorized, and that Marie Dutcher, the relator, alone, was to pay for their services. This idea is emphasized by the fact that said contract shows that the interest of Campbell & Ellison was in common with that of Harrington, and not, as now contended, adverse thereto; and recognizing this fact, at the time the petition was drawn, the pleader studiously avoided stating the capacity in which Harrington requested his co-counsel to employ said additional counsel, because they knew that if it had been stated that he did so as the agent of Miss Dutcher, then no joint cause of action would be stated against him and her, and consequently the circuit court of Adair county could not acquire jurisdiction over the person of the relator; and upon the other hand, had the petition stated such facts as to show Harrington, at his own instance and request, authorized his co-counsel to assist in the trial of the cause in the Supreme Court, and agreed jointly with relator to pay for their services, then they would, at the trial of the cause, have been confronted with said contract, showing that such statement was not true, but upon the contrary, that relator had authorized all three of them, that is, F. M. Harrington and Campbell & Ellison, to employ said additional counsel, and that she alone, if any one, should be liable for their services; and in consequence thereof, would have been nonsuited because of a departure between the allegations of the petition, and the proof. So in order to avoid either contingency the pleader was silent upon that question.

We are, therefore, of the opinion that the petition does not, when correctly read and construed, state a joint cause of action in favor of Campbell & Ellison against Harrington, and Miss Dutcher, nor does it disclose that the interest of Harrington is adverse

to that of the plaintiffs; and consequently we must rule that Harrington was improperly sued and joined as a defendant in the cause, with the relator, and for that reason the circuit court of Adair county never acquired jurisdiction over her person.

II. This brings us to the consideration of the second proposition previously stated, namely, that if the petition be construed most strongly against the defendant Dutcher, at best it only charges that Harrington was acting as the attorney or agent of Marie Dutcher, in suggesting and requesting that additional counsel be employed. In other words, that the petition states that Harrington and Campbell & Ellison were the attorneys of relator in her case against the Wabash Railway Company and that after Division No. 1 of this court had decided the case against her, he and they discussed with her the advisability of employing additional counsel, *in her case, not his, to assist them,* and that he as such attorney and agent advised and requested *her* to authorize them, Campbell & Ellison and himself, to employ additional counsel *for her* and *not for himself.* That he was not a party to that suit, and had no interest whatever therein, save that of an attorney acting in precisely the same capacity in which Campbell & Ellison were acting.

*Liability of Agent.*

If we approach this question in the light of the rule of construction applicable to written instruments, which requires the court to read the same from its four corners, and in the light of the facts and circumstances surrounding the parties at the time it was written and signed, then the ambiguity of this petition practically disappears.

That rule applies with the same force and effect to the pleading in a case, as it does to all other written instruments. [Milliken v. Thyson Commission Co., 202 Mo. 637, l. c. 654.]

This court has repeatedly applied that rule to pleadings, both prior and subsequent to the decision in the Milliken case.

With that rule in mind, let us again briefly state the facts in the case of Campbell & Ellison v. Marie Dutcher and F. M. Harrington, in order to have the case clearly in mind.

In brief, it states that Marie Dutcher had a cause of action against the Wabash Railway Company; that she employed Campbell & Ellison and Harrington, attorneys at law, to institute suit for her on said cause of action against said company; that she agreed to pay them one-third of the sum which might be recovered by said suit for their services to be rendered therein; that in pursuance to said employment, they instituted said suit, tried the same and recovered a judgment therein for the sum of $10,000; that the company appealed said cause to the Supreme Court, which was assigned to Division No. 1 thereof; that said division reversed said judgment; that thereupon the question of employing additional counsel arose; that at the instance and request of defendants they employed said additional counsel in the case of Dutcher against the Railway Company; that they performed valuable services therein, which were reasonably worth $2000, and expended $400 in printing briefs, etc., in connection therewith; that on a motion for a rehearing the case of Dutcher v. The Railway Company was transferred to Court in Banc; which later disapproved the divisional opinion of reversal, and affirmed the judgment of the circuit, which with the interest therein amounted to about $13,000; that a dispute arose between said attorneys on the one part and Marie Dutcher on the other part, as to the liability of Marie Dutcher for the fees earned by said additional counsel in said cause, and also as to reasonableness of the amount claimed by them; that notwithstanding said dispute, all parties, litigants and lawyers, wanted the

judgment paid and satisfied; that in pursuance to that "want" or desire, the contract, dated May 27, 1912, marked "Exhibit A," attached to and made a part of the petition for the writ, was made and entered into by and between "F. M. Harrington and Campbell & Ellison, first parties, and Marie Dutcher, second party;" that in pursuance to said contract said Railway Company paid said judgment, one-third to Campbell & Ellison and F. M. Harrington, as fees for their services rendered in said case, and the remaining two-thirds to said Marie Dutcher; that thereupon Campbell & Ellison paid to said additional counsel $2000 for the services rendered by them in said cause, and the $400 which they expended in printing briefs, etc.; that thereupon Campbell & Ellison took an assignment of said claims of said additional counsel, and that they brought suit thereon against Marie Dutcher and F. M. Harrington, her other attorney, in the circuit court of Adair county, the suit this proceeding is seeking to stay.

Before considering said contract, dated May 27, 1912, it should be borne in mind that said petition, as previously stated, nowhere states why or in what capacity F. M. Harrington authorized or requested Campbell & Ellison, his co-counsel, to employ additional counsel in the case of Dutcher v. The Wabash Railway Company.

It is as silent as the grave upon that question, and the only allegation contained therein pretending to state Harrington's liability to them on that account, is inferable alone from the fact that he is named in the caption of the petition as one of the defendants, and from the following language contained therein, viz.: "These defendants authorized the employment of additional attorneys to represent said Marie Dutcher in said Supreme Court," etc.

If we should stop there and not consider the contract attached to the petition, it could hardly be said

that the petition states a cause of action against Harrington, because the law would not imply a promise on the part of an attorney in a cause to pay for services rendered therein by additional counsel, simply from the fact that he may have joined with his client in a request to his co-counsel in the cause to employ said additional counsel to help them try the cause; and according to the petition all that Harrington did or said was to join Miss Dutcher in a request made to Campbell & Ellison, his co-counsel in the same cause, to employ additional counsel to assist them (that is Campbell & Ellison, his co-counsel in the same cause) in the Supreme Court, upon the success of which the fees of all three of them depended.

They were as much interested in the result of the judgment as Harrington was; and if he made such a request, which must be taken as true, because it is so stated in the petition, which cannot be controverted in this proceeding, it was done as much for their benefit as it was for his own, because as previously stated, the fees of all three of them were contingent upon the affirmance and collection of the judgment of the circuit court, and the services of said additional counsel were secured for the purpose of showing this court that the judgment of the former was right and just, and was free from error. It thus appearing, that the request of Harrington was made as much for the benefit of Campbell & Ellison, as it was for himself, the law will no more raise an implied promise on his part to pay for the services performed by said additional counsel, than it would on the part of Campbell & Ellison, his co-counsel, who were jointly interested with him in the fees to be collected.

But going back to the contract dated May 27, 1912, and set out in the return of the respondent. This contract while not pleaded by Campbell & Ellison, yet it really constitutes the basis of this suit, for without it the cause of action stated in the petition would

have been compromised and settled by Campbell & Ellison and F. M. Harrington accepting the one-third of the judgment which Miss Dutcher claimed was all that they and the additional counsel were entitled to. But be that as it may, this contract throws much light on the petition and explains what the pleaders (Campbell & Ellison) had in mind, and meant by the language used in the petition, to the effect that defendants authorized or requested plaintiffs (Campbell & Ellison) to employ additional counsel to assist in the trial of said case in the Supreme Court. As before stated, there is no statement contained in the petition which tends to show how or in what capacity Harrington authorized or requested Campbell & Ellison to employ said additional counsel; but by reading this contract, it will be seen that he did not do so upon his own responsibility; also that neither he nor they thought or understood that he thereby intended to bind himself for the payment of the fees which were to be paid to said additional counsel, for it expressly provides that "F. M. Harrington and Campbell & Ellison, first parties, and Marie Dutcher, second party, agree as follows:" It then proceeds to recite the fact that she recovered a judgment against the Railway Company for $10,000, and interest, the payment of the same by this company and the distribution of the same between "first parties" and the "second party" in the ratio of one dollar to two.

Proceeding, it stated: "It is further expressly agreed and understood that the making of this agreement and the distribution of said money as aforesaid shall not be taken as an accord and satisfaction between said parties, nor in any manner whatsoever affect the right of the *first parties,* if any they have, to sue for a recovery of additional compensation or additional amount based on a claim or demand growing out of the employment of other attorneys to assist said first parties in the prosecution of said suit," etc.

The use of the words, that this settlement shall in no manner "affect the right of the *first parties* . . . to sue (Marie Dutcher) for a recovery of additional compensation . . . based on a claim . . . growing out of the employment of other attorneys" conclusively shows that Harrington never bound himself individually or otherwise to pay said additional counsel; also that Campbell & Ellison never understood that he had obligated himself to so do; but upon the contrary, it shows that the "first parties," Harrington and Campbell & Ellison, understood that Miss Dutcher alone, if any one, was liable to pay said additional counsel whatever sum was due them, and the last clause of said contract reserved to all three of them the right jointly and severally, to sue her for said additional fees, which is absolutely inconsistent with the idea that Harrington was in any manner liable therefor; and this is obviously the reason why the petition is silent as to the capacity in which Harrington requested Campbell & Ellison to employ the additional counsel.

That being true, the only other capacity in which he could have made said request was as her agent or attorney, which of course would not bind him individually, without an express agreement on his part to be so bound, of which there is no pretense that he did.

III. Moreover, there is another rule of pleading and evidence also, which, if applied to the petition of Campbell & Ellison against Dutcher and Harrington, will conclusively show that no cause of action is stated therein as to the latter, either jointly or severally, and that is: When the petition, or the evidence introduced in a cause, alleges or proves a state of facts, from which, under the law, liability or non-liability may be equally drawn, then the law says that it is the duty of the court to rule, and so hold, that there is no liability in such a case.

*Liability and Non-liability Equal.*

This rule has been variously stated by this court in numerous cases. In that of McGrath v. St. Louis Transit Co., 197 Mo. 97, 1. c. 104, GRAVES, J., in speaking of this rule said:

"Defendant insists now, as it did in the trial court, that there was no substantial evidence of negligence sufficient to carry the case to the jury, and its demurrer to the evidence should have been sustained. In our opinion this contention is well founded.

"This is not a case, under the facts disclosed, where *res ipsa loquitur* applies. It has been said that there are but two classes of cases wherein this doctrine can be invoked: '(1) When the relation of carrier and passenger exists and the accident arises from some abnormal condition in the department of actual transportation; (2) where the injury arises from some condition or event that is, in its very nature, so obviously destructive of the safety of person or property, and is so tortious in its quality as, in the first instance, at least, to permit no inference save that of negligence on the part of the person in control of the injurious agency.' [Benedick v. Potts, 88 Md. 52.]

"But in this case the inferences are at least equal as to whether the accident was the result of the negligence of the deceased, or of the defendant.

"Where all the facts connected with the accident fail to point to the negligence of the defendant as the proximate cause of the accident, but show a state of affairs where an inference could be as reasonably drawn that the accident was due to a cause or causes other than the negligent act of the defendant, then the plaintiff cannot rely upon mere proof of the surrounding facts and circumstances of the accident, and the defendant is not called upon to explain the cause of the accident, and to purge himself of the imputed or inferential negligence. [Cothron v. Cudahy Packing Co., 98 Mo. App. 1. c. 349.]"

And in cases of fraud this court has uniformly held, that where the evidence adduced of a transaction is as consistent with honesty and fair dealing, as with a fraudulent design, the law will presume that it was a *bona fide* transaction and not fraudulent. [Dallam v. Renshaw, 26 Mo. 533; Rumbolds v. Parr, 51 Mo. 592; Henderson v. Henderson, 55 Mo. 534; Ames v. Gilmore, 59 Mo. 537; Webb v. Darby, 94 Mo. 621; Robinson v. Dryden, 118 Mo. 534.]

And where, in such cases, doubt exists as to the construction to be given to the conduct of the parties, it should be resolved in favor of the defendant [Webb v. Darby, supra; Chapman v. McIlwrath, 77 Mo. 38; Shinnabarger v. Shelton, 41 Mo. App. 147.]

The same rule applies in actions for damages brought for personal injuries, for instance.

It is there held that where an action is instituted for damages which were caused by one of two things, for one of which the defendant is responsible, and for the other he is not, the plaintiff, before he can recover, must allege and prove that the injury was caused by the thing for which the defendant was responsible and not by the latter. [Coin v. Lounge. Co., 222 Mo. 488, l. c. 508; Trigg v. Land & Lumber Co., 187 Mo. 227; Warner v. Railroad, 178 Mo. 125, l. c. 134; Fuchs v. St. Louis, 133 Mo. 168; Searles v. Railroad, 101 N. Y. 661.] This rule is based upon the theory that the burden of proof rests upon the plaintiff.

In the case at bar the petition in the case of Campbell & Ellison v. Dutcher and Harrington, as previously stated, simply charged that the defendants authorized and requested the plaintiffs to employ additional counsel to assist in the case of Dutcher v. Wabash Railway Company (she then being represented therein by Campbell & Ellison, and said Harrington), without stating in what capacity Harrington made the request, whether as agent or attorney or in his indi-

vidual capacity, from which alone the law might imply a promise to pay for the same.

Unquestionably this record shows that said Harrington was an attorney and agent for Miss Dutcher in that case, and should we concede, as counsel for respondent insinuate, without so stating in so many words, that Harrington was also acting in said case in some unexplained and mysterious way or capacity, other than that of an attorney (which as before shown in paragraphs one and two of this opinion, there is not a single allegation from the beginning to the end thereof or a scintilla of evidence contained in this record tending to show), nevertheless, there is, in my opinion, no allegation or evidence contained in this record, which in the remotest degree tends to show in which of those two capacities he was acting at the time it is charged he requested Campbell & Ellison to employ additional counsel. But suppose I am mistaken in that opinion and that the record does contain such, then I submit that the legitimate presumption to be drawn from the inferences of the facts shown would be, that he was acting in the capacity of her attorney, as co-counsel with Campbell & Ellison, who were equally interested with him in the result of her suit, and not in an individual capacity and adverse to their interest, because their fees and his were contingent upon the affirmance of the judgment of the circuit court; and being so jointly interested, in the absence of evidence to the contrary, the presumption should be indulged, that he and they were consulting and advising with her as to the advisability of employing for her additional counsel, just as the contract of May 27, 1912, signed by all of them recites, was done. This is the only logical deduction that can be inferred, if any, from the facts and circumstances proven, and that is against the contention that Harrington was acting in a capacity other than that of an attorney and in perfect har-

mony with the recitals of the contract of May 27, 1912, aforesaid.

So, viewing this case from any viewpoint you may, the petition of Campbell & Ellison v. Dutcher and Harrington states no cause of action either jointly or severally against him.

Being of the opinion, that said petition states no cause of action against Harrington, we are, therefore, of the further opinion, that, under the statutes and decisions before cited, the temporary writ of prohibition heretofore granted should be made final and perpetual; and it is so ordered. *Lamm, C. J., Brown, Walker* and *Faris, JJ.,* concur; *Graves, J.,* dissents in separate opinion in which *Bond, J.,* concurs.

## DISSENTING OPINION.

GRAVES, J.—I desire to dissent from the principal opinion in this case. I differ from my learned brother as to the construction to be given to the petition filed by Campbell and Ellison, as plaintiffs, v. F. M. Harrington and Marie Dutcher, as defendants, in the circuit court of Adair county. I think that petition states a joint cause of action against Harrington and Marie Dutcher. If it does then the suit was properly instituted in Adair county and the service upon Marie Dutcher, in the city of St. Louis, was a valid service, and the judgment entered against her by default a valid judgment, and further proceedings should not be stopped by our writ of prohibition. If this petition upon its face states a good joint cause of action against the two defendants, all the matter of this contract entered into when the money was paid on the judgment and its contents and meaning has no place in the case. Nor can the petition be construed by the terms of this contract. Such contract might have been valuable in the defense of the action had Marie Dutcher chosen to appear and defend it, but its terms are not material to the case at bar. To my mind the

State ex rel. v. Shelton.

only questions we have to determine are (1) does the circuit court petition state a case at all, and (2) if so, does it state a joint liability upon the part of F. M. Harrington and Marie Dutcher? These questions must be answered from the petition itself and not from extrinsic matters. The full petition is set out in the principal opinion, but I requote the material portion thereof so as to italicize the words which I think show a joint action. That portion of the petition thus italicized reads:

"Plaintiffs further state that after the decision adverse to her in said Division No. 1, of said Supreme Court *these defendants authorized* plaintiffs to employ other and additional attorneys to represent said Marie Dutcher in said Supreme Court *and authorized and directed and requested* that plaintiffs employ and offer to pay them the sum of two thousand dollars conditioned upon said judgment of said circuit court being affirmed and said judgment being collected; that *plaintiffs did, at the instance and request of said defendants as aforesaid,* and after said adverse decision in said Division No. 1, employ other counsel and obligate themselves to pay the sum of two thousand dollars conditional as aforesaid; that plaintiffs and said additional counsel in said cause incurred an expense in attending the hearing in said Supreme Court and in printing briefs for said court in the sum of about four hundred dollars, no part of which has ever been paid by said Marie Dutcher; that said additional counsel so employed as aforesaid rendered valuable assistance on behalf of said Marie Dutcher in said cause in said Supreme Court, and said services were of the reasonable value of two thousand dollars; that the same are now due and unpaid."

The petition thus charges a joint request and a compliance with a joint request. A joint request to do a thing and a compliance with such request clearly implies a joint obligation. In this light the petition

states not only a cause of action but a joint cause of action as against defendants. If such be the fact the circuit court of Adair county acquired jurisdiction over both defendants when Harrington, a resident of Adair county, was served with process in that county, and Marie Dutcher duly served with process in the city of St. Louis. The jurisdiction once complete could not be ousted by dismissing the case as to Harrington. Nor is it material what prompted Harrington to join Marie Dutcher in the request for the employment of additional counsel. That is immaterial if he actually requested it along with her. We could speculate and to our own minds give a sufficient reason, but such is immaterial here. Nor is it material here whether or not there was in fact a joint request, so the petition alleges such. Matters suggested in my brother's opinion might be well enough in a defense to the petition in the circuit court, but are wholly immaterial upon the question of jurisdiction or no jurisdiction of the circuit court, the sole question here for determination. In my judgment the writ should be denied. *Bond, J.,* concurs in these views.