ROBERT ROARK, Respondent, v. IDEAL EPWORTH ACETYLENE COMPANY OF KAN .SAS CITY, a Corporation, and D. S. BOLIN, Appellants.

### Kansas City Court of Appeals, April 5, 1915.

1. **SALES: Jurisdiction: Joint Obligors.** The plaintiff, a resident of Jackson county, sued to recover the purchase price of a machine, sold and delivered by the Acetylene Company to Bolin, pursuant to the terms of a written contract which required Bolin to pay $200 for the machine. Bolin resided in Bates county and was served with summons in that county. The Acetylene Company was served in Jackson county, where it was doing business. The petition alleged that the company

had sold and assigned its demand against Bolin to the plaintiff and had guaranteed the payment of the demand. A default judgment was rendered against both defendants and execution was issued and levy made on certain lands in Bates county. Bolin filed a motion to quash the execution on the ground that the court had no jurisdiction to render judgment. This motion was overruled and Bolin appealed. *Held,* that under Sec. 1734, R. S. 1909, the defendants could be sued jointly and that therefore the court had jurisdiction.

2. ———: ———: ———. Where the undertaking of a guarantor is not a joint engagement with his principal, but is a separate and independent contract, under Sec. 1751, R. S. 1909, he cannot be joined in an action against the principal obligor.

3. ———: ———: ———. A principal obligor and a guarantor may be sued jointly, when they reside in different counties by filing suit in either county.

Appeal from Jackson Circuit Court.—*Hon. Jos. A. Guthrie,* Judge.

AFFIRMED.

*C. A. Denton* for appellants.

*William Moore* for respondent.

JOHNSON, J.—Plaintiff, a resident of Jackson county, brought suit in the circuit court of that county against the Ideal Epworth Acetylene Company and D. S. Bolin to recover the purchase price of a machine sold and delivered by the company to Bolin, pursuant to the terms of a written contract which required Bolin to pay 200 for the machine. The company was doing business in Kansas City and was served with summons in Jackson county. Bolin resided in Bates county and was served therein with summons issued to the sheriff of that county. The petition alleged that Bolin lived in Bates county and the return of the summons showed it was served there. Further the petition alleged that the company, for a valuable consideration, had sold and assigned its demand against Bolin

to plaintiff and had guaranteed the payment of the demand. Neither defendant appeared to answer the petition and judgment was rendered against both by default. Execution was issued and levied upon certain lands of Bolin in Bates county. Afterward Bolin filed a motion to quash the execution on the ground that the court had no jurisdiction to render judgment against him. The motion was overruled and he appealed.

The facts on which the question of jurisdiction depend appear on the face of the record and were before the court at the time the judgment was rendered. From the allegations of the petition it appears that Bolin's liability under the contract was that of the obligor, while the liability of the company to plaintiff was that of a guarantor. Could they be legally joined as defendants in the same action? An affirmative answer would compel the conclusion that Bolin, though residing, and served with summons, in another county than that in which the suit was instituted, was legally served and is bound by the judgment. Bolin does not charge that the company was made a defendant for the mere purpose of lodging jurisdiction over him in the circuit court of Jackson county but bases his motion on the ground that he "was in no way jointly liable with the Acetylene Company in the said contract with plaintiff." Since this is not a case where the liability of a defendant is feigned for the purpose of giving a court jurisdiction over the person of another defendant residing in a foreign county, it should be held to be governed by section 1751, Revised Statutes 1909, unless appellant is right in his position that the principal debtor and the guarantor of the debt cannot be lawfully joined in the same action. That section of the statute provides that "when there are several defendants and they reside in different counties, the suit may be brought in any such county."

In a line of decisions, beginning with Graham v. Ringo, 67 Mo. 324, and ending with State ex rel. v. Shelton, 249 Mo. 660, the Supreme Court construes this statute as being applicable only to cases where there is a joint liability of all the defendants and not where the liabilities of respective defendants are separate and independent of each other. Further it was held in Graham v. Ringo that the undertaking of a guarantor is not a joint engagement with his principal but is a separate and independent contract and, therefore, that under the provisions of section 1751, Revised Statutes 1909, he cannot be joined in an action against the principal obligor. It is apparent there were three distinct rules pronounced in that decision which, restated, were (first) that defendants, whose respective liabilities are independent and not joint, cannot be sued in a single action under the provisions of section 1751, Revised Statutes 1909; (second) the liabilities of guarantor and principal obligor are independent and not joint and (third) for that reason section 1751 cannot be construed to allow guarantor and principal to be sued by their common obligee in a single action.

The subsequent decisions which we shall review uniformly approve the first two of these rules and the decision in Graham v. Ringo has been repeatedly cited as the leading authority for such approval; but whether or not the third rule, i. e., that guarantor and principal cannot be sued in one action, is still the law in this State is a question about which there is room for a reasonable and serious difference of opinion. It is unfortunate that the opinion in Graham v. Ringo failed to refer to section 7, page 1001, Wagner's Statutes (now sec. 1734, R. S. 1909) which provided: "Every person who shall have a cause of action against several persons, including parties to bills of exchange and promissory notes, and be entitled by law to one satisfaction therefor, may bring suit thereon, jointly,

against all, or as many of the persons liable as he may
think proper.'' It would seem that that statute was
entirely overlooked by the court and that if it had
been considered, the third rule of the decision would
not have been pronounced. Certainly the purpose of
the statute was to allow defendants to be sued in one
action where their respective liabilities to the plain-
tiff, though separate and independent, nevertheless,
were of a nature that the satisfaction of one would op-
erate in law as a satisfaction of the others. Such is
the nature of the liabilites of guarantor and principal
obligor. So far as the obligee is concerned, the sat-
isfaction of either liability *ipso facto* would satisfy and
release the other. If the statute was not intended to
apply to such cases it is wholly meaningless and its
enactment was in vain.

In Parmerlee v. Williams, 71 Mo. 410, the Supreme
Court repeated the doctrine of Graham v. Ringo *in
toto* holding that ''the undertaking of a guarantor is
his own separate and independent contract, it is not
a joint engagement with his principal and he cannot be
sued with him. His undertaking being several and
separate he must be separately sued thereon.''
Again the court, evidently not looking beyond
the decision in Graham v. Ringo, failed to no-
tice the statute which allowed defendants to be joined
where the plaintiff was entitled to but one satisfaction,
regardless of the nature of their respective liabilities.

In Maddox v. Duncan, 143 Mo. 613, the court speak-
ing through Burgess, J., referred to that statute which
then was section 1995, Revised Statutes 1889, and after
referring to Graham v. Ringo as an authority for the
rule that *in the absence of a statutory enactment* nei-
ther an indorser nor a guarantor could be joined with
the maker in one action, held that under section 1995,
Revised Statutes 1889 ''plaintiff had he desired to do

so, might have maintained an action against Duncan (the indorser) and the maker jointly.''

This, of course, must be taken as a direct and positive declaration that a guarantor and principal obligor may be sued jointly and, therefore, as overruling the third rule of the decision in Graham v. Ringo. In not expressly overruling that part of the earlier decision, Judge BURGESS manifestly was laboring under the impression that section 1995, was not in effect at the time of the earlier decision. But whether or not he thus was misled, his opinion in Maddox v. Duncan conclusively held that under the statute last cited a plaintiff might sue the principal obligor and guarantor jointly. From this point our principal task is to ascertain if the Supreme Court receded from that view and returned to the third rule in Graham v. Ringo.

In Haseltine v. Messmore, 184 Mo. 298, there was no question of the joining as defendants of parties whose liabilities would fall under the purview of section 1734, Revised Statutes 1909, and the third rule of Graham v. Ringo was not involved. A joint liability was feigned in the petition for the purpose of giving the circuit court of Jackson county jurisdiction over a tort-feasor residing in St. Louis. The opinion written by BURGESS, J. cited Graham v. Ringo in support of the first rule of that case and contained nothing that could be interpreted as being in disapproval of his construction of section 1734 in Maddox v. Duncan, supra.

State ex rel. v. Bradley, 193 Mo. 33, was another case of feigned jurisdiction to which section 1734, Revised Statutes 1909 had no application and was not considered by the court. Obviously in saying that Maddox v. Duncan did not overrule Graham v. Ringo the court had reference only to the first rule of the latter case which, as stated, involved the construction of no other statute than section 1751. At any rate

there was no thought or purpose of overruling Maddox v. Duncan.

In State ex rel. v. Shelton, 249 Mo. 660, the petition was held to state no cause of action against the relator who was one of two defendants sought to be held upon an alleged joint liability. Graham v. Ringo was cited (1. c. 684) in support of the obviously correct proposition that jurisdiction over a non-resident of the county in which the suit is brought cannot be obtained by joining a resident defendant against whom the petition, on its face, shows the plaintiff has no cause of action, either joint or separate. There is no ground on which it may be said that such decision—which was merely an application of the first rule in Graham v. Ringo—overruled the clear declaration in Maddox v. Duncan that under section 1734, Revised Statutes 1909, a principal obligor and guarantor may be sued jointly. [See Write Away Pen Co. v. Buckner et al., infra, 259.]

Referring now to the decisions in the various Courts of Appeals, it may be observed that we followed Maddox v. Duncan in Hill v. Combs, 92 Mo. App. 242 and 93 Mo. App. 264, and afterward the Springfield Court of Appeals in Bank v. Bray, 141 Mo. App. 692, adopted our view of that case and held that the holder of a note might jointly sue the maker and guarantor. In a very recent case (London v. Funsch, 173 S. W. 88) the St. Louis Court of Appeals, without referring to Maddox v. Duncan, or to section 1734, Revised Statutes 1909, pronounces the third rule in Graham v. Ringo still the law, i. e., that since the undertaking of the guarantor "is his own separate and independent contract it is not a joint engagement with his principal and he cannot be sued with him." But in that case the two defendants were sued as joint guarantors and the erroneous rule stated was not essential to a proper disposition of the case as is clearly indicated in the context.

For the reasons stated, we think the trial court properly construed and applied section 1734 that Bolin and the Acetylene Company might be sued jointly and the judgment is affirmed.

All concur.