LEON M. HOCKADAY, Respondent, v. MARY J. GIL-
HAM and JAMES A. LEWIS, Defendants, W. P.
HOUSTON, Appellant,

Kansas City Court of Appeals, December 13, 1920.

1. **VENUE: Non-resident of County, Not Jointly Liable, Improperly
Made Defendant.** Under section 1751, Revised Statutes 1909, where
there is no joint liability, a defendant, non-resident of the county
where suit is brought, cannot be joined.

2. **PLEADING: Answer: Plea to Jurisdiction May Be Joined with
Plea to Merits.** Where there is no joint liability, if same does not
appear on the face of the petition, it may be taken advantage of
by answer, where it may be joined with a plea to the merits.

3. **VENUE: Jurisdiction: Waiver: Entering Into Trial on Merits
Waives Jurisdictional Defect of Improper Venue.** It was the duty
of the trial court to settle the matter of its jurisdiction before
going into trial on the merits, for such a trial assumes that the
court has jurisdiction at every step, and if the defendant, assert-
ing a lack of jurisdiction, enters into a trial on the merits without
calling the court's attention to his plea to the jurisdiction, he
waives the jurisdictional defect of improper venue.

4. **CONVERSION: Unlawful Sale: Constable Guilty of Conversion.**
Where there was no judgment shown, or an execution upon any
judgment, and there was no showing of any advertisement of the
sale under execution, as provided by section 7548, Revised Statutes
1909, nor was there any showing of any sale, such as provided by
section 7549, Revised Statutes 1909, or any return of the constable
offered to show any sale, the court did not err in instructing the
jury that a constable's sale was not shown to have been had and
conducted according to law, as he was guilty of a conversion of
the goods.

5. **INSTRUCTION: Not Covering Entire Case and Directing Verdict
Must be Read With the Other Instructions.** An instruction which
does not purport to cover the entire case and direct a verdict must
be read in connection with all the instructions given by the court
on the subject.

6. ———: **Measure of Damages: Not Misleading When Read With
Other Instructions.** In an action for conversion, an instruction to
assess damages "in such amount, if any, you find to be the reason-

able total value . . . of the property," etc., it is *held*, that reading all the instructions together the jury would understand that they were to allow damages only for the reasonable market value of the goods converted.

7. **EVIDENCE: Indefinite: Best Obtainable: Sufficient to Support Verdict.** Where the evidence as to the value of goods sold after inventory was not as definite as might be desired, but no evidence of a more definite character could be obtained, the same was sufficient to support the verdict.

8. ———: **Witnesses: Inventory May be Used to Refresh Recollection as to Value.** The court did not err in permitting plaintiff and his wife to use a so-called "lump" inventory, which was copied from an original inventory, for the purpose of refreshing their recollection as to the value placed upon stock of merchandise by them when they took the inventory.

9. ———: **Wife Acting as Agent of Husband, Competent to Testify.** There was no error in permitting plaintiff's wife to testify as to the value placed upon the stock, where it was shown that she was acting as plaintiff's agent at the time the inventory thereof was made.

10. ———: **Witnesses: Offer of Proof: Witnesses not Qualified to Testify to values, Objection Properly Sustained.** The court did not err in sustaining an objection to testimony of certain witnesses as to reasonable market value of stock of goods, where there was no offer of proof that said witnesses were qualified to testify as to the value thereof.

Appeal from Jackson County Circuit Court.—*Hon. Harris Robinson*, Judge.

AFFIRMED.

*Hutton, Davis, Nourse & Bell,* for respondent.

*Heidelberger & Houston,* for appellant.

BLAND, J.—This is a suit for conversion brought against the appellant, W. P. Houston, Mary J. Gilham and James A. Lewis. Plaintiff dismissed as to Lewis. There was a verdict and judgment in favor of Mrs. Gilham but against Houston in the sum of $925.

The facts show that plaintiff was the owner of a stock of merchandise located in a store building owned by Mrs. Gilham at Belton, Missouri. This store was described as a variety store and the stock consisted of dry goods, millinery, notions and the like, to be sold at retail. Appellant Houston resided at Belton and was the agent of Mrs. Gilham in renting her property and he collected the rent therefor. On the last day of January, 1918, plaintiff discontinued business and locked his store. He resided in Belton, two blocks from the store, until February 11, 1918, when he moved to Kansas City. Within a week after he left Belton he sent the key to appellant Houston so that the latter could show the building to prospective tenants. Plaintiff intended to vacate the building. Sometime in February a constable placed a notice on the outside door of the store reciting that a levy on the contents of the store had been made under certain executions and notifying the public that he would sell the property on March 2, 1918, "to satisfy said executions and costs."

Appellant testified that he was employed by attorney Byram, of Harrisonville, to look after the matter of the sale of the goods to satisfy judgments held by clients of Byram. There is no evidence that the constable authorized Houston to conduct a sale. Houston advertised in a Belton paper that he, as agent, would sell the merchandise in the store on March 1, 1918. The advertisement stated that the sale in the forenoon would be private and at auction in the afternoon and at night. It was signed, "W. P. Houston, agent" and by Lewis auctioneer. Plaintiff, learning that Houston was going to sell his goods, sent his attoney to Belton to prevent the sale. When his attorney reached Belton Houston was in the process of selling the goods by piece through the auctioneer Lewis. When Houston was requested by plaintiff's attorney to stop the sale he refused to do so, Houston claiming that he was selling the stock for Mrs. Gilham to satisfy rent due her. The constable disclaimed to plaintiff's attorney any part in the sale.

Although Mrs. Gilham was present during part of the sale appellant assumed all responsibility for the sale and stated to plaintiff's attorney that he had hired Lewis as auctioneer. The property brought a total of $161.57. This suit was brought in Jackson county where defendant Mary J. Gilham resided. Defendants Houston and Lewis, resided in Cass county. The joint answer of Houston and Lewis pleaded in defense that the sale was made under an execution which defense was coupled with a plea in abatement to the jurisdiction of the court, alleging that defendants, Houston and Lewis, were not residents of Jackson county and that there was no joint liability between them and Mrs. Gilham.

Apellant's first point is that the court erred in amending his instruction covering his defense based upon a lack of jurisdiction in the trial court. There was no error in regard to this matter. The court should not have submitted the question of its jurisdiction to the jury in any event. Even if the instruction as it was submitted to the jury did not properly declare the law and was indefinite and incomplete, it did not mislead the jury as to the real issue, plaintiff's damages.

Section 1751, Revised Statutes, 1909, provides that suits shall be brought, "first, where the defendant is a resident of the State, either the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found; second, where there are several defendants and they reside in different counties, the suit may be brought in any such county." The second clause of this statute contemplates a case where there is a joint liability on the part of all of the defendants. [Graham v. Ringo, 67 Mo. 324; State ex rel. Jackson v. Bradley, 193 Mo. 33, 40.] There is no question but that where there is no such liability a defendant, non-resident of the county where the suit is brought, cannot be joined. Where there is no joint liability, if the same does not appear on the face of the petition, it may be taken advantage of by answer where it may be joined with a plea to the merits.

[Christian v. Williams, 35 Mo. App. 297, 307; State ex rel. v. Shelton, 249 Mo. 660, 684.] However, it was the duty of the trial court to settle the matter of its jurisdiction before going into a trial on the merits for such a trial assumes that the court has jurisdiction at every step, and if the defendant asserting a lack of jurisdiction enters into a trial on the merits without calling the court's attention to his plea to the jurisdiction, he waives the jurisdictional defect of improper venue. In this case appellant Houston entered into the trial on its merits and did not call the court's attention to the plea to the jurisdiction until after the close of plaintiff's case and appellant's demurrer to plaintiff's evidence had been overruled. We think that under such circumstances there is no question but that the jurisdictional plea was waived. [Byler v. Jones, 79 Mo. 261, 264; Christian v. Williams, supra, l. c. 307; Harrison v. Murphy, 106 Mo. App. 465, 470; Dudley v. Railroad, 238 Mo. 184, 187; Roberts v. Amer. National Assurance Co., 212 S. W. 390, 394; Haseltine v. Messmore, 184 Mo. 298.]

The court did not err in instructing the jury that a constable's sale was not shown to have been had and conducted according to law and for it to disregard all testimony offered bearing upon that point. There was no judgment shown or an execution upon any judgment, there was no showing of any advertisement of the sale under an execution as provided by section 7548, Revised Statutes, 1909, nor was there any showing of any sale such as is provided by section 7549, Revised Statutes, 1909, or any return of the constable offered to show any sale. In short, appellant wholly failed to show a sale under an execution upon a judgment of any court, and no excuse for his sale of the goods appears. He was clearly guilty of a conversion of the goods. Under the circumstances the only matter that should have been submitted to the jury was the measure of damages. Of course the notice signed by the constable posted upon the door of the store did not tend to show that the auc-

tion sale was publicly and fairly conducted as claimed by the appellant.

Complaint is made of plaintiff's instruction on the measure of damages which told the jury that if they found for the plaintiff to assess the damages "in such amount, if any, you find to be the reasonable total value . . . of the property," etc. It is insisted that the measure of damages was not the total value of the property converted but the market value thereof. This instruction was on the measure of damages only. It did not purport to cover plaintiff's entire case and direct a verdict, and therefore it must be read in connection with all the instructions given by the court on the subject Defendant's instruction No. 5 told the jury that they could find for the plaintiff only for the amount the goods "were reasonably worth, that is to say, the reasonable market value thereof, at the time of the making of said sale." Defendant's instruction No. 7 told the jury that in determining the value of the goods, if they found that the sale made by Houston and Lewis was made openly and fairly, "then the amount that such goods actually brought at such sale may be considered by you in connection with all the other evidence as evidence of the reasonable market value thereof." We think there is no question but that the jury reading all the instructions together would understand that they were to allow damages only for the reasonable market value of the goods converted.

It is insisted that the court erred in refusing defendant's instruction No. 9. which told the jury that they could not find for plaintiff in excess of $161.57, that being the amount of goods brought at appellant's sale. It is insisted that this instruction should have been given for the reason that there was no competent evidence on the part of plaintiff as to the value of the goods converted. We think there is no merit in this contention. Plaintiff testified that he and his wife started to take an inventory of the stock on January 9th, or 10th, 1918, and that the taking of the inventory was concluded on January

15, 1918. From December 15, 1917, until the closing of the store on January 31, 1918, plaintiff conducted a closing out sale and this sale continued during the time the inventory was being taken. During the time the sale was being conducted the weather and roads were bad and business was not good. Plaintiff testified that the sales in the store did not exceed $10 a day and a great many days it did not exceed $5 per day. If plaintiff sold $10 worth of goods a day from January 10th to and including January 31st, the sales at retail would have amounted to $220, this taken from the wholesale value shown by the inventory to be $1150 would leave $930. The verdict was for $925. Of course the wholesale value was less than the retail. While the evidence as to the value of the goods sold after the starting of the inventory was not as definite as might be desired, in the nature of things no evidence of a more definite character could have been brought forward under the circumstances, and we think that it was sufficiently definite for the consideration of the jury. '

It is insisted that plaintiff and his family removed goods from the store after the inventory was taken and there is evidence on the part of appellant that this was a fact. Plaintiff's wife testified that no merchandise was taken away but the goods removed were household goods, and that no one took any stock out of the store. Plaintiff locked the store on January 31. He testified that he did not examine to see if the store was locked on February 11 when he left Belton; that he supposed that it was locked because he was the only one who had a key. The key was sent to appellant shortly after plaintiff left Belton and it was in his possession until the end of the sale. We think that under this evidence there is no question but that the jury could find that there were no goods removed from the store. There was no evidence of any such removal except that on behalf of appellant that plaintiff or his family had removed some of the goods, which plaintiff's wife denied.

Plaintiff testified that the books containing the inventory of his stock was left in the store and that he had made no effort to obtain possession of the books. At the trial he had in his possession what he called a "lump" inventory which was copied from the original inventory. He and his wife were permitted to use this copy to refresh their recollection. The court refused to permit the copy to be introduced in evidence. There is no question but that the copy was usable for the purpose of assisting plaintiff and his wife in reviving their present recollections as to the value placed upon the stock by them when they took the inventory. [1 Wigmore on Evidence, sec. 760; 1 Greenleaf on Evidence (16 Ed.), sec. 439-c, p. 543; Commonwealth v. Ford, 130 Mass. 64.] There was no error in permitting plaintiff's wife to testify for the reason that it was shown that she was acting as plaintiff's agent.

It is insisted that the court erred in excluding evidence offered by appellant tending to show that his sale was duly advertised and fairly conducted; that the goods were sold to the highest bidder, and that they brought their reasonable market value. Appellant has not pointed to any part of the record showing where the court refused such offer. However, we have carefully read the record and find that the court permitted appellant to go fully into these matters and sustained no objection that was not proper. It was shown that the appellant put the goods in saleable position, cleaned up the store, advertised the sale in a local newspaper and by fifty handbills distributed among the citizens, that the sale was conducted by an experienced auctioneer, continued over two days and was attended by from 25 to 50 people. Plaintiff objected to a question propounded by appellant to his witness, Hewitt, as to the reasonable market value of the stock of goods in the store at the beginning of the sale. The objection was sustained on the ground that is was not shown that the witness was qualified and no offer of proof was made by appellant. There was no offer of proof made in con-

nection with the testimony of defendant's witness, Roup. Appellant's witness Lewis testified that he did not know the market value of everything that was there. He testified that he was not able to give ''the actual value of any of the stock or of all of it.'' So the court did not err in refusing defendant's offer to show by this witness the reasonable market value of the stock.

The judgment is affirmed. All concur.