STATE OF MISSOURI at the relation of C. H. ATKINSON PAVING COMPANY, a Corporation, Relator, v. ROBERT L. ARONSON, Judge of the Circuit Court of St. Louis, Presiding in Division One thereof. —138 S. W. (2d) 1.

Division Two, February 21, 1940.

*Richmond C. Coburn, Randall R. Kitt* and *Paul D. Kitt* for relator.

938

*Francis R. Stout* for respondent.

BOHLING, C.—Prohibition. C. H. Atkinson Paving Company, a foreign corporation, relator here, having its only place of business in Missouri in Livingston County and there served with process, questions the jurisdiction of the Circuit Court of the City of St. Louis over its person in a cause therein pending entitled Eugene Schmidt et al. v. The City of St. Louis, a municipal corporation, C. H. Atkinson Paving Company et al. In said action plaintiffs seek $60,000 damages alleged to have been occasioned their real estate by reason of a change in the grade of an abutting street. Relator, appearing specially, filed a plea to the jurisdiction of said circuit court over its person. Said plea was overruled. This proceeding followed. The named respondent succeeded the judge in the division of said court making the ruling complained of. Only issues of law are presented.

Plaintiffs' allegation that relator is a foreign corporation, organized etc., under the laws of South Dakota and licensed to do business in the State of Missouri "with its only office or place of business in Missouri at Chillicothe, Livingston County, Missouri . . ." establishes relator's residence in Livingston County for the ordinary purposes of venue and service in this State. [State ex rel. Henning v. Williams (Banc), 345 Mo. 22, 131 S. W. (2d) 561, 564[6], 565[9].]

The litigants submit for our consideration the following statutory provisions only:

"Suits instituted by summons shall, except as otherwise provided by law, be brought: . . . second, when there are several defendants, and they reside in different counties, the suit may be brought in any such county. . . ." [Sec. 720, R. S. 1929, Mo. Stat. Ann., p. 929.]

"Suits against corporations shall be commenced either in the county where the cause of action accrued, or . . . ." [Sec. 723, R. S. 1929, Mo. Stat. Ann., p. 936.]

Respondent also mentions Laws 1937, page 203 (providing that

municipalities are to be sued in the county of their residence) but does not point out wherein it is, and we think it is not, of importance under the instant facts.

▉ The main controversy, as submitted, wages around whether plaintiffs' petition states a cause of action based upon a joint liability of the City and relator to plaintiffs; although counsel for respondent contends that the Circuit Court of the City of St. Louis acquired jurisdiction over the person of relator because (1st) if no joint liability is stated, the cause of action accrued in the city of St. Louis (citing Sec. 723, supra); or (2d) if a joint liability is stated, the suit was properly brought in the county (the city of St. Louis being a county for governmental purposes—Mo. Const., Art. 9, Sec. 23) of relator's codefendant's residence (citing Sec. 720, supra; the Davis and Williams cases, infra.)

1st. In construing the quoted provisions and holding that an action is maintainable against a corporation under said provision of Sec. 720 in the county of a corporation's codefendant's residence, although the cause of action did not accrue there and the corporation was not a resident of said county, State ex rel. Columbia National Bank v. Davis (Banc), 314 Mo. 373, 389, 390, 284 S. W. 464, 470[10, 11], states: "By construing section 1180 [now Sec. 723] to apply only where a corporation is made sole defendant in a suit, no violence is done to subdivision 2 of section 1177 [now Sec. 720, quoted supra], and the two sections, as thus construed, constitute parts of a harmonious and workable scheme of venue in civil cases. To construe section 1180 otherwise is to convict the Legislature of enacting a scheme of venue in civil cases which does not cover all possible situations. . . . Our conclusion, therefore, is that the second subdivision of section 1177, Revised Statutes 1919, fixes the venue of civil actions against corporations where they are joined as defendants with one or more other defendants, and that section 1180 fixes such venue only in actions where the corporation defendant is the sole defendant." Approved in State ex rel. Henning v. Williams (Banc), 345 Mo. 22, 131 S. W. (2d) 561, 562, 563[3, 4].

Said authorities sustain relator's contention that the quoted clause of Sec. 723 applies only in instances wherein a corporation is the sole defendant. Furthermore, as pointed out infra plaintiffs' petition states no cause of action against relator.

2d. Plaintiffs' petition alleges "that the defendants have changed and caused to be changed the grade of Ivory Avenue from its former established and existing grade . . ." Also, "that said change of grade was made under the direction and control of defendants . . .;" and that plaintiffs' property has been damaged as a direct result thereof. Respondent does not undertake to establish the statement in plaintiffs' petition of a cause of action founded upon the joint liability of defendants but says: "If, in this particular

case, the city should claim there was no change of grade ordinance, and the defendant Atkinson Paving Company contend there was a change of grade ordinance, the plaintiff should not be put in a position of having to decide the outcome of this issue before the verdict of the jury decides it." Thus respondent admits the liability of the one or the other of the named defendants turns on the factual issue of ordinance or no ordinance. Further, relator's statement that plaintiffs' damages, if any are recoverable in the instant case, are recoverable solely from the city of St. Louis if the change in the grade of the street was effected under an ordinance of said city stands unchallenged. McGrew v. Granite Bituminous Paving Co., 247 Mo. 549, 575, 576, 155 S. W. 411, 419, stating: "The ordinances thereof [of the city], and his [defendant's] contract made in pursuance thereof, is a perfect shield against any and all litigation that has or may be instituted against him on that account." Consult also: Hunt v. Boonville, 65 Mo. 620, 623; Ketchum v. Monett, 193 Mo. App. 529, 533, 181 S. W. 1064, 1065[1]; Bigelow v. Springfield, 178 Mo. App. 463, 476, 162 S. W. 750, 755[5] (reviewing cases); Thomson v. Boonville, 61 Mo. 282, 283; Rowland v. Gallatin, 75 Mo. 134, 135, 42 Am. Rep. 395. A fault in respondent's position is that the allegations of plaintiffs' petition necessarily imply with respect to defendant city of St. Louis that the change of grade was made in the manner provided by law, i. e., in pursuance of some ordinance; otherwise said grade could not have been changed by defendant city. Werth v. Springfield, 78 Mo. 107, 109[1], stating: "But in alleging that the defendant raised the grade to a certain height, it is necessarily implied that it was done in pursuance of some ordinance, as the defendant can only act in such matter by ordinance; and it is a well established rule in pleading, that things which are necessarily implied need not be alleged." Followed in Stewart v. Clinton, 79 Mo. 603, 608[1]; Devers v. Howard, 88 Mo. App. 253, 259, 260. [Consult also State ex rel. Dutcher v. Shelton (banc), 249 Mo. 660, 696 (III), 156 S. W. 955, 965[2].] Consequently, under respondent's position, the wording of the charge against defendants, by stating a cause of action against the city of St. Louis, does not state a cause of action against relator.

As stated by relator, a plaintiff's right to successfully maintain an action in the county of the residence of one defendant under the quoted clause of Sec. 720 against a codefendant having a residence in and served with process in some other county of the State has been held to depend on the joint liability to plaintiff of the resident defendant and the nonresident defendant. Graham v. Ringo (banc, 1878), 67 Mo. 324, 326[2] (holding a judgment on a suit in Cape Girardeau County against the maker of a promissory note and its guarantor, a resident of and served in Scott County, was ineffectual as to said guarantor as said guarantor was not jointly liable with

said maker and the court acquired no jurisdiction of said guarantor's person). Other cases containing like observations are cited by relator, for instance: Mertens v. McMahon, 334 Mo. 175, 181[1], 66 S. W. (2d) 127, 129; State ex rel. Dutcher v. Shelton (Banc), 249 Mo. 660, 681[I], 156 S. W. 955, 960[1]; State ex rel. Jackson v. Bradley (Banc), 193 Mo. 33, 40, 45, 91 S. W. 483, 486; Haseltine v. Messmore, 184 Mo. 298, 313-315, 82 S. W. 115, 119; State ex rel. Macon Creamery Co. v. Mix, 222 Mo. App. 426, 438, 7 S. W. (2d) 290, 295[6]; Hockaday v. Gilham, 206 Mo. App. 132, 135, 226 S. W. 991, 993[1]. This broad statement of the rule would require making our provisional rule in prohibition absolute. However, the last mentioned cases ruled a legally different issue; to-wit, that jurisdiction over the person of a nonresident codefendant under the quoted clause of Sec. 720 is not acquired under a petition which states no cause of action against a resident defendant. Hence, reference to the rule stated in Graham v. Ringo was not essential to their determination, although they were within its broad statement. Section 703, R. S. 1929, Mo. St. Ann., p. 915, is not mentioned in Graham v. Ringo. In so far as material it may be found in G. S. 1865, p. 651, Sec. 7, and, with the added words in now Sec. 703 shown in brackets, provided: "Every person who shall have a cause of action against several persons, including parties to bills of exchange and promissory notes, and [who shall] be entitled by law to one satisfaction therefor, may bring suit thereon jointly against all or as many of the persons liable as he may think proper . . ." Reading said clause of Sec. 720 in the light of Sec. 703 indicates that the test to be applied should be the liability of defendants to a joint action rather than the "joint liability" of defendants. The construction placed upon said clause of Sec. 720 in Graham v. Ringo is out of harmony with and withdraws in given instances the right conferred upon plaintiffs by Sec. 703. We think it should not be so construed in the absence of a legislative intent to that effect; an intent we fail to find expressed in our statutory enactments. Consult Roark v. Ideal Epworth Acetylene Co., 188 Mo. App. 252, 175 S. W. 84, and cases there cited, including *dictum* of Division Two of this court in Maddox v. Duncan, 143 Mo. 613, 619, 45 S. W. 688, 689, 41 L. R. A. 581, 65 Am. St. Rep. 678. We are mindful that State ex rel. Jackson v. Bradley, supra, states Maddox v. Duncan was not intended to overrule Graham v. Ringo. But, the litigants do not present this feature of the issue and, as we are inclined not to rule it unless essential to a determination, we, for reasons next stated, do not pursue the matter.

The jurisdiction of the circuit court of the city of St. Louis over the person of relator is founded upon statutory enactment, not the common law. The face of the record affirmatively discloses not only that plaintiffs state no cause of action against relator but also, under the issues as submitted, that plaintiffs have no cause of action against

relator. The situation is not necessarily analogous to one wherein a nonresident of the forum presents an issue involving a failure of plaintiff to state a cause of action against a resident codefendant, as in some of the cases supra. It, the situation, might be different if relator had resided in St. Louis city or if the issues, as submitted, had indicated plaintiffs might have a cause of action against relator. Under the peculiar facts of the instant case, we think relator should not be remitted to the jurisdiction of the circuit court of the city of St. Louis, there to seek relief, or to await the outcome of plaintiffs' action. State ex rel. National Ref. Co. v. Seehorn, 344 Mo. 547, 127 S. W. (2d) 418, 425[12-14], holding that where plaintiff cannot state a cause of action against defendant prohibition is available, gives support to our conclusion.

Our provisional rule in prohibition is made absolute. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.